### ELZWILAW CO. et al. v. KNOXVILLE GLOVE CO.

Circuit Court of Appeals, Seventh Circuit. December 3, 1927.

No. 3903.

**Master and servant** ⟺62—**Defendant held under facts stated, to have shop right to use patented invention.**

Where, pending application for patent for a glove, one of the inventors became a stockholder and officer of defendant corporation and superintendent of its factory, and under his direction defendant expended time and money in perfecting the glove covered by the application, on which patent later issued, defendant *held* to have a shop right to use the invention, though the final step in making the product commercially successful was taken by defendant after such patentee had severed his relations with it.

Appeal from the District Court of the United States for the District of Indiana.

Suit in equity by the Elzwilaw Company and others against the Knoxville Glove Company. Decree for defendant, and complainants appeal. Affirmed.

Virgil H. Lockwood, of Indianapolis, Ind., for appellants.

E. W. Bradford, of Indianapolis, Ind., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The issue is on the decree of the District Court finding that appellee has a shop right to manufacture under appellants' United States patent No. 1,333,395 to Elsey, Zwick, and Lawson, for a glove.

Patentees were making gloves at Indianapolis, and on February 4, 1917, made application for the patent in issue; the claimed advance being, roughly stated, a leather reinforcement of a cloth working glove, on the palm and fingers, leaving the cloth over the backs of the finger joints exposed, to facilitate flexibility of the glove at those joints. While the application was pending, in July, 1917, appellee employed Lawson to take charge of the manufacture of gloves at appellee's recently acquired factory at Knoxville. Lawson undertook the employment, becoming a stockholder and officer, and superintending appellee's manufacturing operations for over two years. The evidence tends to show that he mentioned to appellee the pending application for the patent, and recommended their making gloves in accordance with it. With appellee's consent, and at its expense, he made patterns and caused the making of dies from which some dozens of gloves were produced, which, though undertaken to be made pursuant to the claimed invention, did not prove satisfactory.

The leather reinforcement was in two overlapping pieces, in accordance with some of the drawings and descriptions of the patent application, and were said to be too stiff for practical use. But Lawson's experimentation continued, and he made more patterns and ordered more dies, for a one-piece leather reinforcement, instead of two. Some dozens of these gloves were produced, but they did not yet seem to be right. The experiments were still further carried on, and in the meantime Lawson left appellee's employ, selling to appellee at a profit his shares of its stock, and appellee continued experimenting with the one-piece reinforcement, leaving more of the cloth uncovered, and finally made a glove on that plan which met with some success in the trade.

In March, 1920, patent to Lawson et al. was issued upon their said application. Kyle, appellee's president, claiming that he was the first inventor of the one-piece finger back reinforcement for the glove, filed his application for a patent thereon September 2, 1921, and he was granted a patent November 28, 1922.

If it be assumed that appellee's alleged infringing glove falls within the Lawson et al. patent, we are satisfied the evidence warrants the conclusion of a shop right in appellee. While it is true that the invention was made before Lawson, one of the inventors, became connected with appellee, yet it was Lawson, as one of appellee's stockholders and officers, and as a superintendent of manufacture, who expended much of appellee's time and considerable of its money in adapting the invention to practical use in appellee's business. The experimentation and expense proceeded during the two years of his association with appellee. If at that time his efforts had been attended with success, and a considerable trade established in gloves made under that patent, it would scarcely be questioned that a shop right accrued to appellee.

If the final step which led to a successful application of the patent to appellee's business was not taken until after Lawson's relations with appellee had ceased, should appellee be held thereby to have lost the benefit of its previous expenditures and efforts to that end under the patentee's direction? We think not, but rather that, in fairness, they were authorized to continue to make available to them the investment and experimentation theretofore made with Lawson's direction and co-operation in the undertaking to employ his invention in the joint enterprise of himself and the others interested in appellee corporation.

It is maintained for appellants that since, under Lawson, but two sets of dies were produced, neither of which proved successful, and those which brought success were made after Lawson left the employment, the shop right could at best apply only to the dies he had made, and not to such as were subsequently produced. The alleged invention is not of dies or other mechanism, but of a product, however produced. The making of the patterns and dies was a step in the general plan of exploiting the Lawson invention by and for the benefit of appellee.

For appellants it is further contended that the glove which appellee produced after Lawson's relations had terminated is not the same product as that which Lawson made while there, and that there can thus be no shop right to make the article thus perfected by appellee after its relations with Lawson terminated. At the same time, at the very foundation of appellants' claims lies the contention that the one-piece reinforcement which appellee made infringes the Lawson et al. patent. If appellee's glove is not covered by the Lawson patent, then, of course, appellants' claim of infringement is wholly without merit. If it is within the Lawson invention, then, in our view, the shop right follows.

Appellee is also in the somewhat equivocal position of asserting, on the one hand, that its glove is the invention of Kyle, and not of Lawson et al., and, on the other, that its relations with Lawson conferred a shop right

under the Lawson patent to make the glove.

Concluding, as we do, that under the facts appearing the District Court properly decreed a shop right in appellee, we refrain from passing on the questions of validity or infringement, or on the right of appellee to question the patent whereunder it is adjudged to hold a shop right.

The decree of the District Court is affirmed.